IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EDDIE GREATHOUSE,

          Plaintiff,

v.                                CIVIL ACTION NO.   2:12-cv-04359

VANDERBILT MORTGAGE AND FINANCE
INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the plaintiff's Motion to Remand [Docket 6] and defendant Vanderbilt Mortgage and Finance, Inc.'s Motion for Leave to Supplement or File Surreply to Plaintiff's Motion to Remand [Docket 29]. For the reasons discussed below, the plaintiff's motion [Docket 6] is **GRANTED** and the defendant's motion [Docket 29] is **DENIED as moot**. Further, the plaintiff's request for reasonable costs and fees incurred as a result of the removal is **DENIED**.

**I.     Background**

This case concerns the plaintiff Eddie Greathouse's allegations that the defendants engaged in predatory and illegal lending in violation of West Virginia law. According to Greathouse, on January 24, 2008, Greathouse purchased a single wide mobile home with a loan he acquired from Vanderbilt. (Compl. [Docket 1-1], at 60). Greathouse asserts that the amount of the loan far exceeded the value of the real property by which the loan was secured. (*Id*.). He claims that the loan was induced by an inflated valuation of his property, contained substantively unfair terms, and was unconscionable.

The plaintiff originally filed suit in the Circuit Court of Roane County, West Virginia on October 26, 2011. The complaint names the following defendants: (1) the lender, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), a Tennessee corporation with its principal place of business in Maryville, Tennessee; (2) the closing agent, Carteret Title, L.L.C. ("Carteret Title"), a Virginia limited liability company whose sole member is a resident of Virginia;[1] and (3) the document preparer, Janice Chaney, a resident of Wayne County, West Virginia.

On November 20, 2011, defendant Vanderbilt removed this case to this court pursuant to 28 U.S.C. §§ 1441 and 1446.[2] In its notice of removal, Vanderbilt alleged that Janice Chaney was fraudulently joined as to Count I and fraudulently misjoined as to Counts IV and V, and therefore complete diversity exists between the parties and that jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). The plaintiff filed a motion to remand on January 3, 2012 (*Greathouse I*, 2:11-cv-00952 [Docket 5]). I granted the motion on April 24, 2012 because I found that that Chaney was not fraudulently joined to Count I. (*Greathouse I,* 2:11-cv-00952 [Docket 29], at 5-6). I therefore declined to address whether Counts IV and V were fraudulently misjoined, and the case returned to the Circuit Court of Roane County, West Virginia. (*Id*. at 6).

On August 15, 2012, Vanderbilt removed this action to this court for a second time.[3] Vanderbilt's notice of removal again alleges that Chaney is fraudulently joined. Vanderbilt notes that only three counts of the plaintiff's complaint apply to Chaney: Count I, Count IV, and Count V. Vanderbilt asserts that the plaintiff has resolved Counts I and IV against defendants Carteret

---

[1] The complaint lists Carteret Title as a West Virginia limited liability company. (See Notice of Removal [Docket 1], at ¶ 5).
[2] *Greathouse v. Vanderbilt Mortgage & Finance, Inc*., No. 2:11-cv-00952 (S.D. W. Va. 2011) (Goodwin, J.) (hereinafter "*Greathouse I*").
[3] This case was originally referred to Judge Johnston. The clerk reassigned the case to me on April 10, 2013.

2

Title and Chaney in a December 2011 settlement agreement. (Notice of Removal [Docket 1], at 2-3). Therefore the only remaining claim against Chaney is Count V, and Vanderbilt alleges that the plaintiff "has agreed to limit the relief sought under this Count to solely declaratory relief . . . ." (*Id*. at 3). Vanderbilt argues that Count V is fraudulently misjoined, and also notes a variety of issues which it believes show that the plaintiff is fraudulently retaining Chaney as a defendant. The plaintiff filed a motion to remand on September 14, 2012 [Docket 5]. The motion is ripe for review.

## II. Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Courts construe removal jurisdiction strictly because removal implicates significant federalism concerns. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994). The burden of establishing federal jurisdiction is on the party seeking removal. *Id*. Accordingly, when federal jurisdiction is based on diversity under 28 U.S.C. § 1332, the defendant bears the burden of proving that the suit is between citizens of different states and that the amount in controversy exceeds the jurisdictional amount. *See Sayre v. Potts*, 32 F. Supp. 2d 881, 883–84 (S.D. W. Va. 1999), *abrogated on other grounds*, *Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D. W. Va. 2011).

Removal based on diversity jurisdiction requires complete diversity of all parties. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). No party involved in a diversity suit may share common citizenship with any party on the other side. *Strawbridge*, 7 U.S. 267.

However, the judicially-created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse named defendants at the time of removal. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.*

To show that a nondiverse defendant has been fraudulently joined, the removing party must establish either 1) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court or 2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Id.* at 464. Accordingly, the removing party bears a heavy burden, as it "must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993). As the Fourth Circuit has recognized, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). When deciding if a party is fraudulently joined, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Id.* (internal quotations omitted) (citing *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)).

### III. Discussion

#### A. The Parties' Arguments

The plaintiff filed a motion to remand on September 14, 2012 [Docket 5]. The plaintiff points out that the first time the case was removed, I ruled that Vanderbilt had not established that Chaney was fraudulently joined. The plaintiff then argues that removal was untimely under 28 U.S.C. § 1446(b) because it is based on the initial complaint, which Vanderbilt received in early 2011 (Pl.'s Mem. Supp. Mot. Remand [Docket 6], at 5). According to the plaintiff:

> [n]ot only could Defendant ascertain the basis for its notice of removal from Plaintiff's initial pleading, Defendant in fact *filed* a notice of removal within thirty days after receipt of Plaintiff's Complaint. . . . Because the information disclosed in discovery does not provide a new basis for removal, Defendant cannot meet its burden to establish that its second notice of removal is timely.

(*Id.*) (emphasis in original). The plaintiff emphasizes that the settlement agreement with Carteret Title dismissed only Count IV and Carteret Title as a defendant. (*Id.* at 5-6). Count I is still being asserted against Chaney. The plaintiff also contends that Count V has always sought only declaratory relief from defendant Chaney. (*Id.* at 6). Therefore, "the basis for Defendant's arguments for subject matter jurisdiction existed at the time of Plaintiff's initial pleading," and consequently Vanderbilt's removal is untimely. (*Id.*).

The plaintiff also argues that should Vanderbilt's removal be deemed timely, this court still lacks subject matter jurisdiction because the parties are not completely diverse and the amount in controversy is not larger than $75,000. Chaney is a West Virginia resident, and the plaintiff notes that the prior removal was remanded based on my order finding that there was a possibility of recovery on Count I (unconscionable inducement); therefore the law of the case doctrine dictates

5

that result continue to govern. (*Id*. at 8). Additionally, Count V is still asserted against Chaney, alleging Chaney engaged in the unauthorized practice of law when she prepared the legal documents for the loan, including the Deed of Trust. (*Id*. at 9). The plaintiff argues Count V is properly joined to this case under Rules 20 and 21 of the Federal Rules of Civil Procedure. (*Id*. at 13-14).

Vanderbilt takes issue with all of the plaintiff's arguments. First, Vanderbilt believes that removal was timely because it was thirty days after receiving plaintiff's written discovery responses, which it argues made it clear that the plaintiff listed Chaney a defendant "for the sole purpose to defeat diversity jurisdiction." (Def. Vanderbilt's Mem. Opp'n Pl.'s Mot. Remand [Docket 10], at 3). Vanderbilt asserts it is now alleging "actual fraud" in listing Chaney as a defendant, so although "[t]he *fact* that Defendant Chaney was joined as a party is evident on the face of the Complaint . . . the *motives* behind Plaintiff's decision to do so are not." (*Id*. at 4) (emphasis in original).

Vanderbilt then lists facts it believes demonstrate the plaintiff's fraudulent intent. The plaintiff gave Vanderbilt the discovery responses and emails on July 16, 2012, allegedly a full seven months after plaintiff's settlement agreement that Vanderbilt believes limited recovery from Chaney solely to Count V's declaratory relief. (*Id*.). The same day, plaintiff filed a Stipulation to Extension granting Chaney until December 31, 2012 to file an answer or otherwise appear in the action, when all claims against Chaney except for declaratory judgment on Count V had already been resolved in December 2011. (*Id*. at 4-5). According to Vanderbilt, although the settlement "may only reference Defendant Carteret, the e-mail from the plaintiff's attorney Dan Hedges, discovery responses and Stipulation clearly reveal that the Plaintiff's intent was to relieve

Defendant Carteret from any further liability for monetary damages flowing from the acts of its employee." (*Id*. at 5). Further, the plaintiff admits that Count IV is entirely gone, even though it was also asserted against defendant Chaney. (*Id*.). Vanderbilt believes that the email from Hedges "reveal that Plaintiff is not pursuing Defendant Chaney for Count I." (*Id*. at 5-6). Regarding Count V, Vanderbilt notes that the plaintiff has not taken any action against Chaney with the State Bar or other regulatory authority for her alleged unauthorized practice of law. (*Id*. at 6).

Vanderbilt then argues that complete diversity does exist, because Chaney is fraudulently joined to Count I and fraudulently misjoined to Count V. (*Id*. at 7). Vanderbilt asserts that although this court considered whether there was a possibility the plaintiff could prevail against Chaney on Count I, the basis of this second removal is "outright fraud" in the plaintiff's pleading of jurisdictional facts. (*Id*. at 8). Vanderbilt believes that the settlement agreement did dismiss Count I against Chaney, but even if that turns out not to be true, Vanderbilt contends that the plaintiff acted with fraudulent intent when he initially sued Carteret Title and Chaney. Vanderbilt believes this motive is demonstrated by the fact that the plaintiff settled with the corporate defendant Carteret Title, "while leaving a judgment-proof employee in Count V" and seeking only declaratory judgment from said employee (Chaney). (*Id*.). Vanderbilt also takes issue with the fact that the plaintiff did not inform this court of the settlement in early 2012 when the first motion to remand in *Greathouse I* was still pending. (*Id*. at 10). Vanderbilt again argues that Count V is not properly joined to Count I, both because Chaney is clearly a sham defendant and because Count V does not meet the joinder standard of Rule 20 and the misjoinder is "egregious." (*Id*. at 11-12).

The plaintiff's reply alleges that Vanderbilt has not demonstrated there is actual fraud. Taken together, the plaintiff believes that the settlement agreement with Carteret Title, Hedge's

7

email, and the stipulation for Chaney to respond "evidence a clear intent that Defendant Chaney remain in the lawsuit and be held accountable for her unlawful conduct." (Pl.'s Reply Supp. Pl.'s Mot. Remand [Docket 14], at 2). The settlement agreement and email specifically state that Chaney is still a defendant, and neither dismisses Count I. (*Id*. at 3). The purpose of the stipulation was to allow the parties to pursue settlement. (*Id*.). The plaintiff then repeats his argument that because the discovery material did not produce any new information relating to Chaney, the removal was not timely, Chaney is not fraudulently joined, and Count V is not fraudulently misjoined. (*Id*. at 4-6).

On March 22, 2013, Vanderbilt filed a Motion for Leave to Supplement or File Surreply to Plaintiff's Motion to Remand [Docket 29]. In this motion, Vanderbilt argues it should be allowed to introduce the deposition of Janice Chaney, taken on February 14, 2013, in which Chaney says she did not attend the closing and did not draft the legal documents. (Def. Vanderbilt's Mot. Leave Supplement or File Surreply to Pl.'s Mot. Remand [Docket 29], at 1). The plaintiff filed a response in opposition, arguing that the discovery of new evidence is not a valid reason to file a surreply and that new evidence can also not be used to defeat a motion to remand. (Pl.'s Resp. Opp'n Def. Vanderbilt's Mot. Leave Supplement or File Surreply to Pl.'s Mot. Remand [Docket 34], at 2-3). Additionally, although Vanderbilt characterized Chaney's deposition testimony as definitive as to Count I, the plaintiff believes there is still a possibility of success given that Chaney "testified that she added the date, address, loan number, and property address to a form deed of trust" and the deed of trust says, "**THIS INSTRUMENT WAS PREPARED BY J. CHANEY OF CARTERET TITLE . . . .**" (*Id*. at 3); (Deed of Trust [Docket 34-1], at 17) (emphasis in original).

8

Therefore there is a factual dispute regarding whether Chaney did or did not actually draft the legal documents.

### B. Analysis

Despite the parties' many detailed arguments, this case is relatively simple. It is clear that the settlement agreement between Carteret Title and the plaintiff did not dismiss Chaney as a defendant on Count I. I have already ruled there was a possibility of recovery on Count I. Vanderbilt has not supplied any information that changes my earlier decision. *See Greathouse I,* 2:11-cv-00952 [Docket 29], at 5-6. Regarding the allegations of actual fraud, although I am troubled by the plaintiff's actions toward Chaney in this case, and Chaney's deposition at least hints at an ulterior motive in naming Chaney as a defendant, this evidence is insufficient to establish fraudulent joinder. Therefore, I **GRANT** the plaintiff's motion to remand [Docket 29].

### C. Award of Reasonable Costs and Fees

In his motion to remand, the plaintiff also requests reasonable costs and fees incurred as the result of the removal, pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). I **FIND** that Vanderbilt had an objectively reasonable basis for seeking removal. I therefore **DENY** the plaintiff's request for sanctions under § 1447(c).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 26, 2013

9

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE